United States District Court
Southern District of Texas

**ENTERED**

April 02, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ARLENE SPENCER, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-04354 |
| | § | |
| KELSEY-SEYBOLD MEDICAL | § | |
| GROUP PLLC, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Pending before me is Plaintiff's Motion to Seal Motion for Class Certification.[1] *See* Dkt. 76. The motion is denied without prejudice to the parties filing a motion to seal.[2]

The information at issue in the motion to seal falls into one of two buckets: (1) "the Personal Identifying and Private Health Information [PII & PHI] of Arlene Spencer" and 2) "information and material relating to the complained of business practices produced by Defendant Kelsey-Seybold Clinic ('KSC') in discovery but marked Confidential by Defendant pursuant to the Agreed Protective Order." Dkt. 76 at 3. I will address each in turn.

***PII and PHI.*** As to the first category, Spencer's PII and PHI, this information should almost always be redacted. In fact, under Federal Rule of Civil Procedure 5.2(a), certain PII *must* be redacted. In the future, if Spencer's PII and PHI is the *only* information to be redacted, and the parties are agreed that it should

---

[1] I thank Plaintiff's counsel for following my procedures for filing a motion to seal. As the parties are aware, the judiciary has changed how it is storing sealed documents. On the court's end, it is now a four-step process to open every sealed document, and the court can no longer review multiple documents at once. By filing all the documents to be sealed as a single entry and highlighting the information to be redacted, Plaintiff's counsel has greatly simplified the task of reviewing this motion to seal.

[2] Despite this ruling, Plaintiff's motion for class certification is deemed to have been timely filed on March 31, 2026.

be redacted, no motion to seal is required. The parties should simply file a sealed version (with the redactions in highlights) and a redacted version of whatever document contains Spencer's PII and PHI.

*Defendant's Confidentiality Designations.* From my initial review, Plaintiff's motion for class certification and the corresponding exhibits appear to be heavily over-redacted. That KSC and Labcorp have an agreement is not sensitive information—it is the basis of this lawsuit. Nor are Plaintiff's allegations sensitive information. The parties should not redact information simply to prevent embarrassment. Information may be redacted only if its revelation would be so damaging as to outweigh the common law presumption of the public's right to access judicial records.

"Excessive secrecy—*particularly displacing the high bar for sealing orders with the low bar for protective orders*—undercuts the public's right of access and thus undermines the public's faith in our justice system." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 421 (5th Cir. 2021) (emphasis added). A "Confidential" designation has no bearing whatsoever on whether the information to be redacted is so sensitive as to outweigh the public's right of access. Moreover, except for some technical documents in patent cases, I categorically will not seal entire deposition transcripts and entire contracts.

I am likely to approve certain redactions: proper nouns, dates, and numbers (i.e., dollar figures, metrics, percentages, volumes, equations, etc.). The redaction of whole sentences and paragraphs, however, requires compelling explanation. Before submitting their joint motion to seal, I encourage the parties to peruse some of my previous sealing orders, like Dkts. 376, 385, 511, and 579 in *Shintech Inc. v. Olin Corp.*, No. 3:23-cv-112 (S.D. Tex.). In drafting their joint motion to seal, counsel should ask themselves two questions. First, "Would my client pay for time spent explaining this redaction to Judge Edison at a hearing?" Second, "Have I explained the need for this redaction well enough that Judge Edison would not need me to explain it to him in a sealed hearing?" The parties are welcome to file

their joint motion to seal under seal so that they can provide comprehensive explanations for why certain information should be redacted. If the parties take this standard to heart, then I will hopefully sign the proposed order that accompanies this joint motion without further inquiry.

Ideally, the parties would file their joint motion to seal by Wednesday, April 15, 2026. I do not, however, want to be responsible for anyone late filing their taxes or missing time at the ballpark on Jackie Robinson Day. The parties may modify this deadline by agreement and extend it through the end of the month if necessary. Simply email my case manager with any agreed-to extensions or questions the parties may have concerning this order.

SIGNED this 2rd day of April 2026.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

3